## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JAMES C. GLASS, JR.,**
**and CYNTHIA GLASS,**

      **Plaintiffs,**

**VS.**                                   **Case No. 4:16cv124-WS/CAS**

**CITY OF CHATTAHOOCHEE,**
**ELMON LEE GARNER,**
**TWIN CITY NEWS, INC.,**
**KATHY JOHNSON, and**
**FLORIDA DEPARTMENT OF**
**FINANCIAL SERVICES,**

      **Defendants,**
_____/

## REPORT AND RECOMMENDATION

On February 26, 2016, the Defendant Florida Department of

Financial Services ["Department"] filed a notice of removal pursuant to 28

U.S.C. § 1441, § 1446.  ECF No. 1.  The notice asserted that Plaintiffs

initiated this case in the Circuit Court of the Second Judicial Circuit, in and

for Gadsden County, Florida.  *Id.*  The Department was served with

process on February 5, 2016, and thereafter sought to remove this case

because 28 U.S.C. § 1331 provides federal courts with jurisdiction over civil rights actions filed pursuant to 42 U.S.C. § 1983.  ECF No. 1 at 2.[1]

An Order was entered on March 3, 2016, finding that "[a]bsent argument to the contrary, it appear[ed] the notice of removal [was] appropriate under 28 U.S.C. § 1441(a)" and "timely filed within thirty days after the Department's receipt of a copy of the amended pleading and summons on February 5, 2016."  ECF No. 5 at 2 (citing 28 U.S.C. § 1446(b)(3); ECF No. 1-1 at 165-166).  The Order also directed Plaintiffs to filed a response in opposition to the motion to dismiss and motion to quash, ECF No. 3, which was filed by the Department simultaneously with the notice of removal.  ECF No. 5.  In that motion, ECF No. 3, the Department sought dismissal of this action because leave to amend the complaint in which the Department was named as a Defendant had not been obtained.  *Id.* at 4-9.

---

[1] Along with the notice of removal, the Department filed the state court record as required by 28 U.S.C. § 1447(b).  The state record demonstrates the following Defendants were served on February 8, 2016: (1) Twin City News (ECF No. 1-1 at 167-168); (2) City of Chattahoochee (ECF No. 1-1 at 169-170); (3) Elmon Lee Garner (ECF No. 1-1 at 173-174); and (4) Kathy Johnson (ECF No. 1-1 at 175-176).  The Division of Risk Management was served on February 5, 2016, ECF No. 1-1 at 171-172, although it is unclear why the Division was served as it is not named as a Defendant.

The day after that Order was entered, the City of Chattahoochee ["City"]) filed an uncontested motion for an extension of time and Elmon Lee Garner ["Garner"]) filed a motion to quash service and dismiss this case. ECF No. 7. The City argued that it should not have to respond to the complaint until Plaintiffs' pending motion requesting leave to amend was resolved. *Id.* Moreover, Mr. Garner argued that the third amended complaint recently served was "a legal nullity properly dismissed by the courts." ECF No. 7 at 5.

Additionally, Defendant Kathy Johnson also filed a motion to dismiss and quash service. ECF No. 8. Ms. Johnson's motion was submitted on behalf of Twin City News, Inc., as well, but that Defendant is an incorporated business and cannot proceed without representation by counsel. Thus, Twin City was required to obtain counsel to proceed, ECF No. 9, and given additional time to do so. ECF No. 19. Twin City has recently filed another motion requesting additional time to secure counsel. ECF No. 20. That motion would be granted as good cause is shown. Yet it must first be determined whether this Court has jurisdiction to do so.

An Order was entered noting that several pending motions before this Court raised jurisdictional issues. ECF No. 9. The parties were advised

that there was a split of authority on whether a federal court acquired jurisdiction when a motion to amend was pending in state court.  *Id.* at 5-7.  The parties were directed to file memoranda addressing whether removal was appropriate in light of the procedural posture of this case.  ECF No. 9 at 7.  The issue is now ripe for consideration.

**Status of the case when removed**

The state case was initiated in the Circuit Court of the Second Judicial Circuit, in and for Gadsden County, Florida, by Plaintiff James Glass.  ECF No. 1-1 at 1.  Mr. Glass brought the action in February 2014 against one Defendant: the City of Chattahoochee.  *Id.*  Mr. Glass' original complaint raised only one state law claim for Whistle Blower Retaliation against the City.  ECF No. 1-1 at 4-8.  The City filed an answer, ECF No. 1-1 at 9-14, moved for judgment on the pleadings, and filed a notice of hearing (scheduled for July 16, 2014).  *Id.* at 15-25.  Mr. Glass filed a motion requesting leave to file an amended complaint on July 15, 2014.  *Id.* at 26-30.  The proposed amended complaint[2] added Elmon Lee Garner as

---

[2] Under Florida law, leave of court is required to file an amended complaint after a defendant serves an answer. Boca Burger, Inc. v. Forum, 912 So. 2d 561, 567 (Fla. 2005), *as revised on denial of reh'g* (Sept. 29, 2005) (noting that "a plaintiff has an absolute right to amend the complaint before a responsive pleading is served."). Florida law also provides: "If a party files a motion to amend a pleading, the party shall attach

a second Defendant and brought state law claims against him for tortious

interference with a business relationship, defamation, and a § 1983 First

Amendment retaliation claim.  *Id.* at 31-52.  In addition to the Whistle

Blower claim against the City, Mr. Glass also sought to add a § 1983 First

Amendment claim against the City.  *Id.*  On the same day the motion to

amend was filed, the City filed a notice cancelling the hearing on the

motion for judgment on the pleadings.  *Id.* at 53-54.  No order was entered

on that motion.

Nothing else took place in the case until August 4, 2014, when a

second amended complaint was filed.  ECF No. 1-1 at 55-89.  No motion to

amend was filed.  The second amended complaint added Cynthia Glass as

another Plaintiff, and added Twin City News, Kathy Johnson, and the

Florida Department of Financial Services ["Department"] as a Defendant.[3]

*Id.*  The proposed second amended complaint contained the following

counts: (I) state law whistle blower retaliation claim by Mr. Glass against

---

the proposed amended pleading to the motion. Leave of court shall be given freely
when justice so requires. A party shall plead in response to an amended pleading within
10 days after service of the amended pleading unless the court otherwise orders."  Fla.
R. Civ. P. 1.190(a) (2004).

[3] Service of process was not carried out on any Defendant other than the City
when the second amended complaint was filed.  *See* ECF No. 1-1 at 93.

Case No. 4:16cv124-WS/CAS

the City and the Department; (II) § 1983 First Amendment retaliation claim against the City; (III) § 1983 First Amendment retaliation claim by Mr. Glass against Mr. Garner; (IV) second § 1983 First Amendment retaliation claim against the City; (V) state law tortious interference claim against Mr. Garner, Ms. Johnson, and Twin City News; (VI) state law defamation claim against Mr. Garner, Ms. Johnson, Twin City News, and the City; (VII) second defamation claim brought by Mr. Glass only against Mr. Garner, Ms. Johnson, Twin City News, and the City; (VIII) § 1983 First Amendment retaliation claim brought by Mrs. Glass only against Mr. Garner.  *Id.* Approximately 10 days later, Mr. and Mrs. Glass voluntarily withdrew the federal claims in counts II-IV and VIII.  *Id.* at 90-91.  Simultaneously with that notice of withdrawal of the federal claims, "Plaintiffs" filed a motion to stay.  *Id.* at 92-94.

Nothing further was filed until November 6, 2015, when Circuit Judge Martin A. Fitzpatrick filed a "Notice of Intent to Dismiss for Failure to Prosecute" and ordered that if the case did not move forward within 60 days, it would be dismissed.  ECF No. 1-1 at 95-96.  On January 5, 2016,

Mr. Glass served a First Request for Production of Documents on the City.[4]
*Id.* at 98-102.  Also on January 5, 2016, Mr. Glass filed a motion requesting
leave to file a third amended complaint.  ECF No. 1-1 at 103-107.  The
proposed third amended complaint was submitted simultaneously with the
motion and, once again, no order was entered on the motion.

The proposed third amended complaint contained the following
counts: (I) state law whistle blower retaliation claim by Mr. Glass against
the City and the Department; (II) state law whistle blower retaliation claim
by Mrs. Glass against the City; (III) a § 1983 First Amendment retaliation
claim by Mr. Glass against the City and the Department; (IV) a § 1983 First
Amendment retaliation claim by Mr. and Mrs. Glass against Mr. Garner; (V)
a § 1983 First Amendment retaliation claim by Mrs. Glass against the City;
(VI) a § 1983 First Amendment retaliation claim by Mr. and Mrs. Glass
against the City; (VII) a § 1983 Fourteenth Amendment claim by Mr. and
Mrs. Glass against the City and Mr. Garner; (VIII) a state law tortious
interference claim by Mr. and Mrs. Glass against Mr. Garner, Ms. Johnson,
and Twin City News; (IX) a tortious interference claim by Mr. and

---

[4] Notably, that discovery request was styled as the case was originally filed:
Mr. Glass as the only Plaintiff and the City as the only Defendant.  ECF No. 1-1 at 98.

Mrs. Glass against the City; (X) state law defamation claim by Mr. and

Mrs. Glass against Mr. Garner, Ms. Johnson, and Twin City News; (XI) a

state law defamation claim by Mr. and Mrs. Glass against Mr. Garner,

Ms. Johnson, and Twin City News; (XII) state law defamation claim by

Mr. and Mrs. Glass against the City; (XIII) state law claim for assault by

Mrs. Glass and Mr. Garner; (XIV) state law negligence claim by Mr. and

Mrs. Glass against the City; (XV) malicious prosecution claim by Mr. and

Mrs. Glass against Mr. Garner and Ms. Johnson; (XVI) state law claim for

intentional infliction of emotional distress by Mr. and Mrs. Glass against

Mr. Garner and Ms. Johnson; (XVII) conspiracy claim brought by Mr. and

Mrs. Glass under § 1983 against Mr. Garner and Ms. Johnson.  *Id.* at 108-

150.  Thereafter, summons were issued and served, and the notice of

removal was filed.  Accordingly, at the time of removal, motions to amend

were pending before the state court.

**Motion to Dismiss and Motion to Quash, ECF No. 3**

The Department argues that no order was ever entered permitting

Mr. Glass to amend the complaint, nor was a hearing sought, or consent

obtained.  ECF No. 3 at 3.  Despite that, summons were obtained and the

additional Defendants were served.  *Id.* at 4.  The Department points out

that similar to the Federal Rules of Civil Procedure, Florida Rule of Civil

Procedure 1.190(a) permits a party to amend the pleadings once as a

matter of course and, thereafter, only by leave of court.  ECF No. 3 at 4.

The Department seeks dismissal of this action because leave to amend

was not obtained, arguing that the third amended complaint "is a legal

nullity."  *Id.* at 4-9.

**Motion to Dismiss and Motion to Quash, ECF No. 7**

Mr. Garner also requests that this case be dismissed, joining in the

argument that the third amended complaint "is a legal nullity." ECF No. 7 at

1.  Mr. Garner points out that under Florida Rule of Civil Procedure

1.250(c), "the addition of parties after a responsive pleading has been filed

may only occur with stipulation of the parties or order of the court . . . ."

ECF No. 7 at 5.  Because neither has happened, it is argued that the third

amended complaint "is a legal nullity properly dismissed by the courts."  *Id.*

**Responses to Order, ECF Nos. 10-11**

In response to the Court's Order, the Department "asserts that

removal of this matter was appropriate" and the timing for filing the notice

of removal "was necessary."  ECF No. 10 at 1-2.  The Department asserts

that service of the summons and third amended complaint "triggered the

statutory deadline by which [the Department] had to act to timely remove this case to federal court." *Id.* at 2. The Department contends that it did not prematurely file the removal notice because, having received a summons and complaint, the Department was required to file an answer to the complaint "or be subjected to an entry of default." *Id.* at 5-6. The Department asserts "[t]here is no question this Court has subject matter jurisdiction over the action, as it contains a claim brought pursuant to 42 U.S.C. § 1983." *Id.* at 7. It is argued that the issues of subject matter jurisdiction and whether the third amended complaint "is a nullity" are issues that can be addressed separately. *Id.* at 8. The obvious concern is that if a defendant did not seek removal upon receipt of the summons and complaint and argued unsuccessfully in state court that the pleading was a nullity, the defendant would have lost its removal rights. *Id.* at 11-12. The Department urges this Court to take a practical approach and "determine whether removal was proper first, and separate, from a defense that the pleading is a nullity." *Id.* at 12.

Mr. Garner and the City of Chattahoochee adopt the argument of the Department, requesting this Court find removal was appropriate and then

"determine the merits" of the pending motions to quash and motion to dismiss.  ECF No. 11.

**Plaintiffs' Response, ECF No. 13**

Mr. and Mrs. Glass urge the Court to deny Defendants' motions and grant a motion requesting leave to amend *nunc pro tunc*, ECF No. 12. ECF No. 13.  Alternatively, Plaintiffs request this case be remanded rather than dismissed for the purpose of ruling on the motion to amend.  ECF No. 13.

**Analysis**

Notwithstanding the Department's assertion in the notice of removal that this Court has jurisdiction over § 1983 claims, this Court "is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  The removal statute directs that "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded' to the state court from whence it came." Univ. of S. Alabama, 168 F.3d at 410 (quoting 28 U.S.C. § 1447(c)).  "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court."  168 F.3d at 411.

Case No. 4:16cv124-WS/CAS

A defendant may remove a case to federal court within 30 days after

receipt "of a copy of an amended pleading, *motion*, or order or other paper

from which it may first be ascertained that the case is one which is or has

become removable."  28 U.S.C. § 1446(b)(3) (emphasis added).  Although

§ 1446(b)(3) notes that the 30-day clock begins running after receipt of a

motion, that provision has generally been held to be applicable in diversity

cases but not federal question cases.  Thus, if a case as initially filed is not

removable because it asserts only state law claims, the majority of courts

have required a motion to amend the pleading be granted prior to removal.

*See* Donnelly v. City of Parkland, No. 12-60015-CIV, 2012 WL 253212, at

*1-2 (S.D. Fla. Jan. 26, 2012) (remanding case to state court and holding

"there was no federal claim pending before the state court because the

state court never granted the Plaintiffs' motion for leave to amend the

complaint."); Barwick v. Eslinger, No. 6:12-CV-635-J-37-DAB, 2012 WL

1656736, at *2 (M.D. Fla. May 10, 2012) (concluding that although a

proposed amended complaint may add federal claims and provide a basis

for federal court jurisdiction, the claims are "nothing more than proposed

causes of action until the state court judge" grants the motion to amend);

Jackson v. Bluecross & Blueshield of Georgia, Inc., No. 4:08-CV-49 (CDL),

Case No. 4:16cv124-WS/CAS

2008 WL 4862686, at *3 (M.D. Ga. Nov. 10, 2008) (holding that until state court judge grants motion to amend the complaint, "there is no basis for removal because until then, Plaintiff's Complaint does not state a federal claim.");[5] <u>Wood v. City of Lanett</u>, 564 F. Supp. 2d 1317, 1320 (M.D. Ala. 2008) (holding that case was not removable until the state court granted motion to amend); <u>Long v. FIA Card Servs.</u>, N.A., No. 2:12–CV–14-FtM-UASPC, 2012 WL 2370218, at *3 (M.D.Fla. Apr. 11, 2012) (same).

On the other hand, courts have not required a state court to grant a motion to amend be granted prior to removal when the basis for a federal court's jurisdiction is pursuant to the diversity jurisdiction statute. <u>White v. PDB State Farm Mut. Auto. Ins. Co.</u>, No. 3:13-CV-765-J-99TJC, 2013 WL 6061890, at *4 (M.D. Fla. Nov. 18, 2013) (finding that plaintiffs' ability and intention to seek an amount of damages sufficient to meet the requirement for federal diversity jurisdiction was not affected by the state court's

---

[5] The court cited to the following cases which applied the "majority rule" finding a motion to amend does not trigger the 30-day removal deadline: <u>Sullivan v. Conway</u>, 157 F.3d 1092, 1094 (7th Cir.1998); <u>Desmond v. BankAmerica Corp.</u>, 120 F.Supp.2d 1201, 1204 (N.D. Cal. 2000); <u>Douklias v. Teacher's Ins. and Annuity Ass'n</u>, 35 F.Supp.2d 612, 615 (W.D. Tenn. 1999); <u>Graphic Scanning Corp. v. Yampol</u>, 677 F.Supp. 256, 259 (D. Del. 1988); <u>Schoonover v. W. Am. Ins. Co.</u>, 665 F.Supp. 511, 514 (S.D. Miss. 1987). *But see, e.g.*, <u>Neal v. Trugreen Ltd. P'ship</u>, 886 F.Supp. 527, 528 (D. Md. 1995) (federal question case); <u>Morrison v. Nat'l Benefit Life Ins. Co.</u>, 889 F.Supp. 945, 948 (S.D. Miss. 1995) (a diversity jurisdiction case).

disposition of the motion to amend and holding that defendant timely

removed within 30 days of receiving the motion to amend); Williams v.

Heritage Operating, L.P., No. 807CV977T-24MSS, 2007 WL 2729652, at

*2 (M.D. Fla. Sept. 18, 2007) (finding defendant waived right to remove

case because application of the federal Class Action Fairness Act "was

obviously apparent" to defendant in reading the initial and first amended

complaints).  *But see* Lahey v. State Farm Mut. Auto. Ins. Co., No.

8:06–CV–1949–T27–TBM, 2007 WL 2029334, at *2 (M.D.Fla. July 11,

2007) (denying motion to remand and holding that motion to amend the

complaint did not begin the thirty day period, stating: "It is illogical to require

a defendant to remove a case to federal court before the removable claim

is actually filed.").  An exception to the rule seems to be when action by

state court is required because the amount in controversy for diversity

jurisdiction will not be reached absent a request to include punitive

damages, Long v. FIA Card Serv., N.A., No. 2:12–cv–14-FtM-UASPC,

2012 WL 2370218, at *3 (M.D. Fla. April 11, 2012), or a separate statutory

bad faith claim.  Lahey v. State Farm Mut. Auto. Ins. Co., No.

8:06–cv–1949–T27–TBM, 2007 WL 2029334, at *1 (M.D.Fla. July 11,

2007).

Case No. 4:16cv124-WS/CAS

In <u>Hill v. Allianz Life Ins. Co. of N. Am.</u>, 51 F. Supp. 3d 1277, 1280 (M.D. Fla. 2014), the Middle District of Florida denied the plaintiff's motion for remand, concluding that a ruling on the motion to amend by the state court "was not necessary in order to satisfy the amount in controversy requirement" for diversity jurisdiction, and because defendant established plaintiff acted in bad faith in seeking to prevent removal pursuant to the one year limitation in § 1446.  The court noted the distinction between those cases in which a proposed amended complaint "would create federal jurisdiction" and a case brought to federal court pursuant to the diversity jurisdiction statute.  <u>Hill</u>, 51 F. Supp. 3d at 1280 (citations omitted).  The court noted that "[i]n a circumstance where a state court is required to act in order to potentially establish the jurisdictional prerequisites of federal court jurisdiction, a notice of removal filed prior to the granting of a motion to amend would be premature."  51 F. Supp. 3d at 1280.  On the other hand, diversity jurisdiction "is not controlled by the court, it is controlled by Plaintiff's claims."  *Id.* at 1280-81; *see also* <u>White v. PDB State Farm Mut. Auto. Ins. Co.</u>, No. 3:13-CV-765-J-99TJC, 2013 WL 6061890, at *4 (M.D. Fla. Nov. 18, 2013) (denying plaintiffs' motion to remand and finding that

state court's ruling on motion to amend the complaint would not affect

plaintiffs' ability to seek damages greater than $75,000).

In Barwick, 2012 WL 1656736, at *1, while a motion to amend the

complaint was pending in state court, the defendant removed the action to

federal court.  The court noted that at the time of removal, plaintiffs' third

amended complaint, "which contained no federal causes of action,

remained the operative complaint at the time of removal." *Id.*  Thus, the

court remanded the case to state court, concluding that defendant "jumped

the gun" because the court did not have jurisdiction over the claims as the

operative complaint alleged only a negligence claim.  Barwick, 2012 WL

1656736, at *2.  In reaching that conclusion, the court relied on a decision

from the Seventh Circuit:

> Until the state judge grant[s] the motion to amend, there [is] no
> basis for removal. Until then, the complaint [does] not state a
> federal claim. It might never state a claim, since the state judge
> might deny the motion. The statutory language ... [of § 1446(b)]
> speaks of a motion or other paper that discloses that the case
> is or has become removable, not that it may sometime in the
> future become removable if something happens, in this case
> the granting of a motion by the state judge.

Sullivan v. Conway, 157 F.3d 1092, 1094 (7th Cir. 1998) (quoted in

Barwick, 2012 WL 1656736, at *2.  The Barwick court noted that the parties

would "have to return to state court to await" a decision on the motion to amend, "only to potentially return to federal court if the state court judge grants" the motion to amend, but added that the "exercise in futility could have be avoided had Defendant waited until this action was subject to removal."  2012 WL 1656736, at *2.  The Barwick reasoning is logical, and persuasive.

The Department contends that because it was served with summons and the pleading, it was required to file the notice of removal pursuant to Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 356, 119 S. Ct. 1322, 1329, 143 L. Ed. 2d 448 (1999), within 30 days of receipt.  The Department argues this is not a case where it could be said that the Department "'jumped the gun' on removal."  ECF No. 10 at 5.

Murphy Bros. is not directly on point because it did not involve a pending motion requesting leave to amend.  The Department's desire to not lose the right to removal is valid.  However, review of the docket should have indicated that Mr. and Mrs. Glass "jumped the gun."  Until leave of court was provided to amend the complaint, the Department was not made a party to the state case, nor was Mrs. Glass.  Furthermore, until Mr. Glass' motion requesting leave to file a third amended complaint was granted, the

third amended complaint remained only a possibility.  At the time of

removal, the only valid claims before the state court were state law claims.

The Department's reliance on <u>Castleberry v. Goldome Credit Corp.</u>,

408 F.3d 773, 784 (11th Cir. 2005), is also not persuasive and not directly

on point.  *See* ECF No. 10 at 9-10.  The court held that removal was proper

because the cross-claim, which brought claims against the FDIC was

proper under Federal Rules of Civil Procedure 21 and 5(e).  The issue in

that case was not whether federal court jurisdiction existed without granting

a leave to amend a complaint.

Without the presence of federal claims, this Court did not acquire

jurisdiction.  Without jurisdiction, this Court lacks authority to dismiss any

part of the complaint or quash the summons.  Furthermore, no ruling may

be entered on the motion to amend, ECF No. 12, filed by Plaintiffs.  This

case should be remanded to state court.  Pursuant to 28 U.S.C. § 1447(c),

the Clerk of this Court should be directed to mail a certified copy of the

Order adopting this Report and Recommendation and remanding the case

to the Clerk of the Circuit Court of the Second Judicial Circuit, in and for

Gadsden County, Florida.

## RECOMMENDATION

Case No. 4:16cv124-WS/CAS

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **REMANDED** to state court pursuant to 28 U.S.C. § 1447(c), and that the Order adopting this Report and Recommendation direct the Clerk of Court to mail a certified copy of the Order remanding the case to the Clerk of the Circuit Court of the Second Judicial Circuit, in and for Gadsden County, Florida.

**IN CHAMBERS** at Tallahassee, Florida, on May 6, 2016.


 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:16cv124-WS/CAS